1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17
18

**Chris Langer**,

        Plaintiff,

   v.

**Fugate Holdings, LLC**, a California
Limited Liability Company;
and Does 1-10,

       Defendant.

Case 2:20-cv-02675-AB-MAA

**ORDER GRANTING
DEFAULT JUDGMENT**

19
20
21
22

    Before the Court is Plaintiff Chris Langer's Application for Entry
of Default Judgment. No opposition was filed. For the following reasons,
the Motion is **GRANTED**.

23
24
25
26
27
28

### I.    BACKGROUND

    This is a public accommodation action under the Americans with
Disabilities Act ("ADA"), 42 U.S.C. §12181, et seq., and the Unruh Civil
Rights Act, Cal. Civ. Code§ 51 et seq. Plaintiff alleges that he is a paraplegic
who cannot walk and who uses a wheelchair for mobility. He has a specially

1

equipped van with a ramp that deploys out of the passenger side of his van. Compl. ¶ 1.

Defendant Fugate Holdings, LLC owns the real property located at or about 100 W. Pacific Coast Hwy., Long Beach, California. *Id.* at ¶ 3.

Plaintiff alleges that he went to Golden West Donuts in March 2020 with the intention to avail himself of its goods and to assess the business for compliance with the disability access laws. *Id.* at ¶ 8. Plaintiff alleges that on the date of plaintiff's visit, the defendant failed to provide wheelchair accessible parking in conformance with the ADA Standards. The access aisle, if it could be called that, is in the form of a triangle. It is not compliant with the law. *Id.* at ¶ 10. Plaintiff further alleges that he personally encountered this violation and it resulted in difficulty and discomfort to him. *Id.* at ¶¶ 12-14.

Plaintiff intends to return to the Golden West Donuts to avail himself of its goods or services, but is currently deterred from doing so because of his knowledge of the existing barriers. *Id.* at ¶ 17. Plaintiff seeks injunctive relief requiring Defendant to remedy these barriers, statutory damages under the Unruh Act, and attorneys' fees. *Id.* at Prayer ¶¶ 1-3.

Plaintiff filed this action on March 23, 2020, and filed proofs of service as to Defendant on April 2, 2020. (Dkt. Nos. 1, 10.) Defendant did not respond to the Complaint, and on April 23, 2020, the Clerk's Office entered the Defendant's default. (Dkt. No. 12.) Thereafter, Plaintiff filed the Application for Default Judgment on August 12, 2020. (Dkt. No. 23.)

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 55(b) authorizes a district court to grant default judgment after the Clerk of the Court enters default under Rule 55(a). Fed. R. Civ. P. 55(b). Local Rule 55-1 requires the party

2

seeking default judgment to submit a declaration establishing (1) when and against what party the default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator, or other representative; (4) that the Servicemembers Civil Relief Act does not apply; and (5) that the defaulting party was properly served with notice.

Once default has been entered, the factual allegations of the complaint, except those concerning damages, are deemed to have been admitted by the non-responding party. *See* Fed. R. Civ. Proc. 8(b)(6); *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). Granting or denying an application for default judgment is within the district court's discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092-93 (9th Cir. 1980). The Ninth Circuit has directed that courts consider several factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims;[1] (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong public policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

---

[1] Notwithstanding the entry of default, the Court must still "consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *See Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) ("[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default").

ORDER                                                    Case: 2:20-cv-02675-AB-MAA

## III.    DISCUSSION

### A.    Procedural Requirements

The procedural requirements of Local Rule 55-1 are met. Plaintiff served the summon and complaint on Defendant on March 30, 2020. (Dkt. Nos. 10.) The Defendant's default was entered on April 23, 2020. (Dkt. No. 12.) And Plaintiff filed a declaration of counsel attesting to the remaining elements of Local Rule 55-1. *See* Gutierrez Decl. (Dkt. No. 23-7.) In particular, the Declaration states that Defendant is a business entity and not minors, infants, or otherwise incompetent persons, and that the Servicemembers Civil Relief Act does not apply. *Id.* ¶ 2.

### B.    *Eitel* Factors

The Court finds that the *Eitel* factors favor entering default judgment for Plaintiff on both claims.

#### 1.    Possibility of Prejudice to Plaintiff

Plaintiff contends that he has suffered, and continues to suffer, discrimination on account of his physical disability due to Defendant's failure to comply with the ADA and the Unruh Act. Defendant has failed to appear and defend itself in this action. Given Defendant's unwillingness to appear, absent entry of default judgment, Plaintiff will be without recourse against Defendant, and therefore will suffer prejudice.

#### 2.    Merits of Plaintiff's Claims and Sufficiency of Complaint

##### a.    ADA

The ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods,

4

services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182. To prevail on an ADA claim, the plaintiff must establish "that (1) [the plaintiff] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). In addition, "[t]o succeed on an ADA claim . . . due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business [or property] presents an architectural barrier prohibited under the ADA and (2) the removal of the barrier is readily achievable." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1008 (C.D. Cal. 2014) (quoting *Parr v. L & L Drive-Inn Rest.*, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000)).

As an initial matter, the Court must determine that the Plaintiff has Article III standing to bring a claim for damages and injunctive relief. To establish Article III standing, a plaintiff must demonstrate that he or she has suffered an injury in fact, that the injury is traceable to the defendant's challenged conduct, and that the injury can be redressed by a favorable decision. *See Vogel*, 992 F. Supp. 2d at 1008 (C.D. Cal. 2014).

Additionally, where a plaintiff seeks injunctive relief, he must also demonstrate a significant possibility of future harm. *See San Diego Cty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996).

The Court finds that Plaintiff has standing because he alleges that he was and is denied equal access to the facilities enjoyed by customers at the Golden West Donuts because of lack of wheelchair accessible parking space. These allegations are accepted as true by virtue of Defendant's default. Plaintiff also filed evidence substantiating these allegations: he testifies in

his declaration that he was deterred from patronizing the business and that he would like to return but continues to be deterred by the barriers. *See* Chris Langer Decl. (Dkt. No. 23-6 at ¶¶ 9, 11). An award of statutory damages and an injunction would redress Plaintiff's alleged injuries by compensating him for past injury and preventing future harm. Finally, because Plaintiff has alleged that he was and continues to be deterred from visiting the Golden West Donuts, there is a significant possibility of future harm. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 949 (9th Cir. 2011) ("Demonstrating an intent to return to a noncompliant accommodation is but one way for an injured plaintiff to establish Article III standing to pursue injunctive relief. A disabled individual also suffers a cognizable injury if he is deterred from visiting a noncompliant public accommodation because he has encountered barriers related to his disability there.").

As to the merits of Plaintiff's claims, the Court finds that Plaintiff has stated a valid ADA claim. Plaintiff is disabled within the meaning of the ADA because he is a paraplegic who cannot walk and who uses a wheelchair for mobility. He has a specially equipped van with a ramp that deploys out of the passenger side of his van. *See* 42 U.S.C. § 12102(1)(A), (2)(A) (defining "disability" as "a physical or mental impairment that substantially limits one or more major life activities of such individual," such as walking). The Golden West Donuts qualifies as a "place of public accommodation" subject to the ADA. 42 U.S.C. § 12181(7)(B) (expressly identifying restaurants and other establishments serving food or drink as places of public accommodation). Finally, Defendant discriminated against Plaintiff because the Golden West Donuts does not comply with ADA Accessibility Standards (sometimes referred to as the "ADAAG"). *See Chapman*, 631 F.3d 939 at 945; *see also Miller v. Cal. Speedway Corp.*, 536 F.3d 1020, 1024–25 (9th

Cir. 2008). Plaintiff submitted photographs of the parking space depicting the violations. (*See* Dkt. No. 23-8.)

Finally, the Court need not decide whether removal of the physical barrier is "readily achievable" for purposes of analyzing the merits of Plaintiff's ADA claim. This is an affirmative defense that is waived if not pled in the answer. *Wilson v. Haria & Gogri Corp.*, 479 F. Supp. 2d 1127, 1133 (E.D. Cal. 2007).

### b.    Unruh Act

The Unruh Act provides that "[a]ll persons within the jurisdiction of this state are free and equal, and no matter what their . . . disability, [or] medical condition . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ.Code § 51(b). Unlike the ADA, the Unruh Act permits the recovery of monetary damages, in the form of actual and treble damages or statutory damages of $4,000 per violation. *See M.J. Cable, Inc.*, 481 F.3d at 731 (citing Cal. Civ. Code § 52(a)). Under California Civil Code § 51(f), a violation of the ADA necessarily violates the Unruh Act, and "no showing of intentional discrimination is required where the Unruh Act violation is premised on an ADA violation." *Lentini v. Cal. Ctr. for the Arts, Escondido*, 370 F.3d 837, 847 (9th Cir. 2004). Because Plaintiff's complaint alleges a cognizable ADA claim, the Court finds that Plaintiff has also stated a claim for disability discrimination under the Unruh Act.

### 3.    Sum of Money at Stake

The Court must balance "the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002). "Default judgment is

7

disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct." *Vogel*, 992 F. Supp. 2d at 1012 (C.D. Cal. 2014). Here, Plaintiff seeks to recover a total of $8,481.50 in awards ($4,000.00 in statutory damages and $4,481.50 in attorneys' fees and costs). "Courts frequently grant default judgment in Unruh Act and ADA cases and impose similar financial liabilities on the defendant." *Id.* at 1012 (C.D. Cal. 2014) (citing cases). Accordingly, the Court finds that sum of money at stake is reasonable in relation to the allegations in the complaint.

### 4.    Possibility of Dispute

As discussed, Plaintiff has adequately alleged disability discrimination in violation of the ADA and the Unruh Act, and Defendant has failed to appear and therefore have admitted all material facts in Plaintiff's Complaint. Furthermore, Plaintiff presented evidence substantiating his claims, including photographs depicting the violations, and his declaration elaborating on his being deterred and his intent to return to the Golden West Donuts. Therefore, no factual disputes exist that would preclude the entry of default judgment.

### 5.    Possibility of Excusable Neglect

The possibility of excusable neglect in this case is remote. The record indicates that Defendant had adequate notice of this action: Defendant was served with the summon and complaint on March 30, 2020. Plaintiff has also filed a declaration stating that Defendant was served with notice of the entry of default on June 29, 2020. *See Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D.Cal. 2001) (finding no excusable neglect because defendants "were properly served with the Complaint, the

notice of entry of default, as well as the papers in support of the instant motion").

### 6.    Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. The mere enactment of Rule 55(b) indicates, however, that "this preference, standing alone, is not dispositive." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177; ("Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible"). Since Defendants failed to appear and defend, the policy of favoring decisions on the merits does not preclude the entry of default judgment in this case. *Vogel*, 992 F. Supp. 2d at 1013.

In light of the foregoing, the Court finds that all of the *Eitel* factors weigh in favor of entry of default judgment, and it is appropriate to grant Plaintiff's Motion.

### C.    Plaintiff's Recovery

Plaintiff seeks statutory damages, injunctive relief, and attorneys' fees and costs.

### 1.    Statutory Damages

While the ADA does not provide for damages, see 42 U.S.C. § 12188(a), the Unruh Act does. *See* Cal. Civ. Code § 52(a) (entitling the prevailing party to treble compensatory damages "but in no case less than four thousand dollars ($4,000)"). Here, Plaintiff requests $4,000.00 statutory damages against Defendant Fugate Holdings, LLC The statutory minimum damage award is a penalty and properly assessed against each defendant that has responsibility to comply with the ADA/Unruh Civil Rights Act. *See*

9

*Lentini*, 370 F.3d at 849 (awarding penalties against different defendants based on the same violations). The Court awards Plaintiff $4,000.00 in statutory damages.

**2.     Injunctive Relief**

A court may grant injunctive relief for violations of the Unruh Act under § 52.1(h). To be entitled to injunctive relief under the ADA, 42 U.S.C. § 12188(a)(2), Plaintiff must show that Defendant has violated the ADAAG. "In the case of violations [of the accessibility provisions] of this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities." *Id.* "[I]njunctive relief is proper when architectural barriers at defendant's establishment violate the ADA and the removal of the barriers is readily achievable." *Vogel*, 992 F. Supp. 2d at 1015.

As noted, Plaintiff has stated a claim for disability discrimination under the ADA. Bringing the facilities into compliance with the ADAAG is readily achievable given that Defendant owns and operates the Golden West Donuts and therefore has control over and authority to alter the facilities. Furthermore, based on the photos Plaintiff submitted, the alterations required to bring the wheelchair accessible parking space into compliance appear to be limited. Accordingly, it is appropriate to grant injunctive relief compelling Defendant to remove the unlawful barriers so that the facility is readily accessible to and usable by individuals with disabilities.

**3.     Attorneys' Fees and Costs**

Both the ADA and the Unruh Act provide that a prevailing plaintiff is entitled to an award of reasonable attorneys' fees and costs. *See* 42 U.S.C. § 12205; Cal. Civ. Code § 52(a). Plaintiff seeks $4,481.50 in attorneys' fees

ORDER                                                Case: 2:20-cv-02675-AB-MAA

and costs. (Dkt. No. 23, 23-4.) As the Ninth Circuit has recently held, it is inappropriate to use the default fee schedule under Local Rule 55 for ADA and Unruh civil rights cases once a plaintiff has requested that the court affix attorney's fees and not adhere to the fee schedule in ADA cases. *See Vogel v. Harbor Plaza Center, LLC*, 893 F.3d 1152 (9th Cir. 2018). Here, Plaintiff does request deviation from the default fee schedule, arguing that it is inappropriate to use the default fee schedule under Local Rule 55 because damages are always zero under the ADA, and using Local Rule 55 would impermissibly create a proportionality rule between low statutory damages and the fee award. *See City of Riverside v. Rivera*, 477 U.S. 561, 580 (1986) (rejecting a proportionality rule between civil rights damages and attorneys' fees awards under 42 U.S.C. § 1988). In light of the foregoing, the Court finds that it is most appropriate to award fees based on the lodestar rather than the Local Rule 55 schedule. The Court finds that $3,651.50 in attorneys' fees in this case is reasonable and appropriate.

As the prevailing party, Plaintiff is also entitled to costs as set forth in 29 U.S.C. § 1920, Fed. R. Civ. P. 54(d)(1), and Local Rule 54–2. The Court accepts the representations made in counsel's declaration and awards $830.00 in costs, for a total of $4,481.50 in attorneys' fees and costs.

## IV.    CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion.

**IT IS SO ORDERED.**

Dated: 9/30/2020        By: _____
                            United States District Judge

11

ORDER                                        Case: 2:20 cv 02675 AB MAA